**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **GEORGE PAPPAS** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TODD BLANCHE** | ) | Civil No.: |
| In his official capacity as Acting Attorney General | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **U.S. Department of Justice.** | ) | |
| | ) | |

**COMPLAINT**

**Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e**
***et seq.*; Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C.
§ 633a; Discrimination in Violation of the First Amendment of the U.S. Constitution**

Now comes Plaintiff George Pappas, by and through his undersigned attorneys, and files

this Complaint for declaratory, injunctive, and monetary relief against his former employer, the

Department of Justice (hereinafter, "DOJ" or "the Agency"), and Acting Attorney General Todd

Blanche in his official capacity (collectively, "Defendants") to seek redress for Defendants'

violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*,

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the First

Amendment of the United States Constitution.

**JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under

the Constitution and the laws of the United States. Jurisdiction is also proper under 29 U.S.C.

§ 633a(c) and 42 U.S.C. § 2000e-5(f)(3), which applies pursuant to 42 U.S.C. § 2000e-16(d).

The Court has authority to provide relief under the Declaratory Judgment Act, 28 U.S.C. § 2201,

and the mandamus statute, 28 U.S.C. § 1361.

1

2.	Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3). That is so because, inter alia, some or all of the unlawful employment practices were committed within the District of Massachusetts and because but for the Defendants' discriminatory practices, Plaintiff would have worked in Boston and Chelmsford, Massachusetts within the District of Massachusetts. Venue is also proper under 28 U.S.C. § 1391(e).

## PARTIES

3.	Plaintiff George Pappas is an adult resident and citizen of the State of North Carolina.

4.	Defendant Todd Blanche is the Acting Attorney General, the head of the Department of Justice.  Defendant Blanche is sued in his official capacity.

5.	Defendant United States Department of Justice is the agency which formerly employed Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.	On August 15, 2025, Plaintiff contacted the DOJ's Equal Employment Opportunity ("EEO") office and initiated informal counseling, alleging that he had been subjected to national origin , race, and age discrimination, pursuant to 29 C.F.R. § 1614.105(a).

7.	Plaintiff filed a Formal Complaint of Discrimination on September 23, 2025. In accordance with 29 C.F.R. § 1614.106(b), Plaintiff filed his Formal Complaint following the completion of informal counseling and within fifteen (15) days of Plaintiff's final interview and of his receipt of notification from his EEO counselor of his right to file a formal complaint.

8.	On February 17, 2026, the DOJ issued a Final Agency Decision under 29 C.F.R. § 1614.110, dismissing Plaintiff's Formal Complaint as failing to state a claim.

9.      In the Final Agency Decision, Defendants alleged Plaintiff's "status as an inferior officer under Article II of the Constitution renders him an 'at-will' employee, and his removal [wa]s beyond the purview of Title VII and the ADEA."

10.      Defendants asserted that the failure to convert Plaintiff's Immigration Judge position from a probationary to permanent position and his termination:

> w[ere] a lawful exercise of the Attorney General's authority under Article II of the Constitution. Article II of the Constitution allows the President and heads of departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to your former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II.

11.      Defendants went on to explain that *any* restriction at all on the power of the President to remove immigration judges from office at will would unduly restrict the executive power vested in a President.

12.      In accordance with this unprecedentedly expansive view of Presidential power, which, if accepted, would strip broad classes of employees of protection under the antidiscrimination laws, Defendants refused to investigate the discrimination claims as required by law.

13.      Plaintiff filed the instant action within ninety (90) days of receipt of the Agency's final action, pursuant to 29 C.F.R. § 1614.407(a), 42 U.S.C. § 2000e-16(c), and 29 U.S.C. § 633a(b)-(c).

## **FACTS GIVING RISE TO RELIEF**

14.      Plaintiff Pappas is a Greek man of Greek heritage. Plaintiff's surname is commonly recognized as of a Greek national origin.

15.      Plaintiff became a citizen of Greece in 1957, by virtue of being born to parents of Greek citizenship.

16.     Plaintiff Pappas was appointed to serve as Immigration Judge with the DOJ, Executive Office for Immigration Review ("EOIR"), Boston, Massachusetts and Chelmsford Massachusetts Immigration Courts on July 23, 2023.

17.     Pursuant to DOJ policy and practice, appointed Immigration Judges initially serve a two-year term appointment. After completing the two-year term, Immigration Judges' appointments are routinely converted to permanent positions.

18.     Throughout his employment and during his two-year term as an Immigration Judge, Plaintiff Pappas exceeded all performance standards, consistently receiving the highest performance rating available.

19.     On Plaintiff's March 23, 2025 Probationary Period Report, Assistant Chief Immigration Judge ("ACIJ") David Cheng observed:

> "Judge Pappas consistently completes cases efficiently and in a timely manner."

> "According to mentor IJ, Judge Pappas shows a strong willingness to learn and applies feedback effectively."

> "Judge Pappas is flexible and cooperative in assisting the court where and when necessary to help court operations run smoothly.  No issues regarding the scheduling or management of his docket."

20.     At no time during his service as an Immigration Judge did the Agency ever issue Plaintiff any form of discipline, nor was he advised that his performance was problematic in any fashion.

21.     Despite his excellent performance, on July 11, 2025, EOIR notified Plaintiff Pappas that his appointment would not be converted to a permanent position, and he would be terminated, effective July 22, 2025.

22.     From July 11, 2025 until his July 22, 2025 termination, Plaintiff Pappas was placed on administrative leave.

4

23.     In 2025, then-Attorney General Pamela Bondi and then-Acting EOIR Director Sirce Owen issued department-wide memoranda announcing the end to Diversity, Equity, and Inclusion ("DEI") efforts.

24.     In January and February 2025, then-Acting Director Owen issued a series of policy memoranda that were hostile toward noncitizens, and noncitizen advocacy. Senior leadership of the Trump administration, including Deputy Chief of Staff for Policy and Homeland Security Advisor Stephen Miller and then-Attorney General Bondi, have publicly accused immigrant advocacy organizations and lawyers representing noncitizens of committing immigration fraud and labeled them extremists aligned with domestic terrorism. One memorandum, issued by then-Attorney General Bondi in February 2025, promised to "penalize illegal DEI and DEIA preferences," particularly those "based on race or sex."

25.     Other memoranda, issued by then-Acting Director Owen in February and March 2025, criticized the appointment practices of the prior administration, particularly with respect to Immigration Judges serving temporary appointments. The memoranda noted that the Agency had reviewed the hiring materials of any Immigration Judge hired under the former administration, and alleged that persons of "certain backgrounds" were given favorable treatment over others. One memorandum concluded EOIR was "committed to rectifying those harms."

26.     Together, the memoranda laid bare DOJ management's hostility to the utilization of diverse immigration judges and those whose legal backgrounds included the representation of immigrants.

27.     Coinciding with these memoranda, and despite Defendant DOJ's FY2026 budget permitting the hiring of up to 800 immigration judges, EOIR terminated a disproportionate number of people of color, ethnic minorities, and persons associated therewith.

28.    Upon information and belief, among the class of thirty-eight (38) judges appointed in July 2023, an estimated twenty (20) were not converted to permanent positions, including Plaintiff.

29.    Upon information and belief, each Immigration Judge in Plaintiff's July 2023 class with a Hispanic surname was terminated and/or not converted to a permanent position in 2025.

30.    Additionally, upon information and belief, each Immigration Judge in Plaintiff's July 2023 class with a Middle Eastern surname was terminated and/or not converted to a permanent position in 2025.

31.    Upon information and belief, each Immigration Judge in Plaintiff's July 2023 class with a South Asian (or Indian) surname was terminated and/or not converted to a permanent position in 2025.

32.    Plaintiff Pappas was born in 1957.

33.    Upon information and belief, the majority of the Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated are over the age of 40, including (1) those in senior leadership positions, such as Sheila McNulty, Mary Cheng, Rebecca Walters, Rhana Ishimoto, Megan Herndon, Megan Jackler, Noelle Sharp; (2) Board of Immigration Appeals Judges Katherine Clark and Andrea Saenz; (3) Immigration Judges Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Roger Dinh of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elanie Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York – Varick Immigration Court, Lucy Billings of the New York – Varick Immigration

Court, Kyra Lilien of the Concord Immigration Court, Florence Chamberlin of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla or the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Ila Deiss of the San Francisco Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Carmen Maria Rey Caldas of the New York – Federal Plaza Immigration Court, George Najjar of the San Diego Immigration Court, Tania Nemer of the Cleveland Immigration Court, and Adrian Paredes Velasco of the El Paso Immigration Court.

34.     Prior to his appointment at DOJ, EOIR, Plaintiff Pappas worked closely with, and became associated with, Hispanic and Latin American individuals.

35.     Prior to his appointment at DOJ, EOIR, Plaintiff Pappas spent twenty (20) years practicing immigration law, representing non-citizens as the principal attorney at George D. Pappas Esq., PC.

36.     Prior to his appointment at DOJ, EOIR, Plaintiff Pappas also provided pro bono legal services to the U.S. Committee for Refugees and Immigrants (Washington, D.C.), the PAIR Project (Boston), Latin American Coalition (Charlotte, North Carolina), El Centro (Hendersonville, North Carolina), and True Ridge (Hendersonville, North Carolina).

37.     Each of the above-listed organizations in paragraph 33 provides legal services directed at assisting immigrants and refugees.

38.     EOIR management knew of Plaintiff's background and activity advocating for immigrants and immigrants' rights, and his association with Hispanic and Latin American groups and individuals at the time of Plaintiff's appointment.

39.    Several other  Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated had backgrounds advocating for immigrants and immigrant rights prior to the time they were hired by DOJ, EOIR, including Florence Chamberlin of the San Francisco Immigration Court, Christopher McNary of the Santa Ana Immigration Court, Sameer Ahmed of the Boston Immigration Court, Lucy Billings of the New York – Varick Immigration Court, Appellate Immigration Judge Homero López, and Kyra Lilien of the San Francisco Immigration Court.

40.    Several Immigration Judges and Appellate Immigration Judges with exclusively prosecutorial immigration law backgrounds or who otherwise had never represented or advocated for non-citizens were converted to permanent positions, including Heather Libeu of the Santa Ana Immigration Court; Monica Neumann of the Miami Immigration Court; Sasha Xu of the Federal Plaza Immigration Court; Brandi Lohr of the Buffalo Immigration Court; Jacquelyn Jo Joyce of the Houston Immigration Court; Elizabeth Treacy of the Chicago Immigration Court; and Robert Lundberg of the Annandale Immigration Court.

41.    Plaintiff Pappas was not converted because of his national origin (Greek), age (over 40), association with Latin American and Hispanic individuals, and association with immigrant rights organizations.

## <u>COUNT I</u>
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*)

42.    Plaintiff Pappas incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint.

43.    Plaintiff Pappas was not converted to a permanent position by Defendants because of his national origin (Greek) and close association with persons of Hispanic and Latin

American race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

44.     Title VII protects individuals who are victims of discriminatory animus toward protected third persons with whom the individual associates.

45.     Defendant never provided a legitimate, non-discriminatory justification for Plaintiff Pappas's removal and non-conversion.

46.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress. He has also incurred attorneys' fees.

<u>**COUNT II**</u>
**Violation of the Age Discrimination in Employment Act (29 U.S.C. § 633a)**

47.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint.

48.     At all times material to this Complaint, Plaintiff was a member of the class of persons protected by the ADEA prohibiting discrimination on the basis of age.

49.     Plaintiff was not hired to a permanent position by Defendants because of his age.

50.     Defendants never provided a legitimate, non-discriminatory justification for Plaintiff's removal and non-conversion.

51.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress. He has also incurred attorneys' fees.

9

## COUNT III
### Violation of the First Amendment of the United States Constitution

52.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint.

53.     Plaintiff was terminated because of his political affiliation, including because of his association with organizations affiliated with political ideologies contrary to those held by the Defendants, such as immigrants' rights organizations, in violation of the First Amendment of the U.S. Constitution.

54.     Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal and non-conversion.

## COUNT IV
### Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202)

55.     Plaintiff Pappas incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint.

56.     Plaintiff is entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Plaintiff and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Defendants did not have authority to remove Plaintiff on the basis of national origin, race, age, or prior association.

## COUNT V
### Writ of Mandamus

57.     Plaintiff Pappas incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint.

58.     In the alternative, Plaintiff is entitled to a writ of mandamus or relief in the nature of mandamus commanding Defendants to return him to his office.

59.       Title VII, the ADEA, and the First Amendment impose a ministerial duty on all Defendants not to discriminate on the basis of national origin, race, age, or protected association. Plaintiff is entitled to a writ of mandamus returning him to his office. Absent this Court granting mandamus relief under one or more of the counts identified above, there is no other adequate means of redress.

*       *       *

## PRAYER FOR RELIEF

WHEREFOR, the premises considered, Plaintiff Pappas respectfully prays that this Honorable Court:

1.  Enter judgment on Plaintiff's behalf against Defendants;

2.  Award Plaintiff compensatory damages, and other damages;

3.  Reinstate Plaintiff to the position held prior to his unlawful termination or other equivalent position;

4.  Award Plaintiff all lost pay and associated benefits;

5.  Award Plaintiff his court costs, expenses, attorneys' fees, and interest;

6.  Declare that Defendants' conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, the ADEA, and the First Amendment of the U.S. Constitution;

7.  In the alternative, issue a writ of mandamus; and

8.  Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

Dated: May 13, 2026

By:

/s/ Ellen J. Messing
Ellen J. Messing
MA Bar No. 343960
Messing, Rudavsky & Weliky, P.C.
One Gateway Center
300 Washington Street, Suite 308
Newton, MA 02458
T: (617) 742-0004
F: (617) 742-1887
emessing@mrwemploymentlaw.com

By:

/s/ Nathaniel A.G. Zelinsky
Nathaniel A.G. Zelinsky
DC Bar No. 1724093
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org
*Pro Hac Vice Forthcoming*

By:

/s/ Geoffrey H. Simpson
Geoffrey H. Simpson
MD Bar No. 18868
DC Bar No. 988437
Gilbert Employment Law, PC.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
301-608-0880 Telephone
301-608-0881 Facsimile
gsimpson-efile@gelawyer.com
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff George Pappas*

12